**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chandler Gas and Store Incorporated, et al., | No. CV-23-00400-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Treasure Franchise Company LLC, et al., | |
| Defendants. | |

Plaintiffs (collectively, "Chandler Gas") and defendants (collectively, "Marathon") filed a joint statement regarding two discovery disputes. (Doc. 124.)

The first dispute concerns a Chandler Gas interrogatory and request for production, both seeking additional information about Marathon gas stations. Marathon produced reports from a third-party vendor identifying the store number, fuel sales, fuel margin, and other information for every one of its ARCO stations in Arizona. The interrogatory seeks the addresses of these stations, while the request for production seeks their "wholesale and retail fuel prices." (Doc. 124 at 2.) Chandler Gas contends this information is necessary to show its prices were similar to other stations, countering Marathon's argument that its pricing caused its declining fuel sales. (Doc. 124 at 3.) Marathon argues the discovery requests are "overly broad" and the information "would be misleading." (Doc. 124 at 4.)

Marathon has agreed to provide the additional information for other ARCOs within Chandler Gas's price zone—an area Marathon itself internally defines—which here includes only one other station. (Doc. 124 at 2, 3.) Chandler Gas has stated that, rather than

1  request the additional information from every ARCO identified in the third-party vendor
2  report, it "will agree to some reasonable geographic restriction" such as "stations within 20
3  miles [of it] or within the Phoenix metropolitan area[.]" (Doc. 124 at 3.)

4  Restricting the requested information to stations within twenty miles of Chandler
5  Gas is appropriate. Having already produced reports covering all Marathon's ARCO
6  stations in Arizona, it will not be unduly burdensome for Marathon to produce additional
7  information (address, wholesale and retail fuel prices) for a subset of those stations.
8  Marathon fears Chandler Gas may use this additional information to interfere with, harass,
9  or invade the privacy of the other stations. (Doc. 124-1 at 4.) If the existing protective order
10 (Doc. 36) is insufficient to prevent such behavior, the parties may seek its modification.

11 The second dispute involves Chandler Gas redacting text messages between Chris
12 Bjurlin, "a Chandler Gas agent" (Doc. 124 at 4), and Lance McCulloch, a "part owner of
13 Chandler Gas." (Doc. 20 at 3.) While Chandler Gas produced many texts involving these
14 individuals, it redacted some messages based on the work product privilege. (Doc. 124-3
15 at 5). Marathon argues the text messages are not protected work product because the
16 participants are not attorneys and seeks unredacted copies. (Doc. 124 at 5.)

17 To qualify for work product protection, documents must be (1) prepared in
18 anticipation of litigation or for trial and (2) be prepared by or for another party or by or for
19 that other party's representative. *See In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th
20 Cir. 2004). "[A] lawyer need not be involved at all for the work product protection to take
21 effect." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2015 WL 5693521, at *3 (D.
22 Ariz. Sept. 29, 2015) (simplified); *see also CH2M Hill, Inc. v. Houston Gen. Ins. Co.*, No.
23 98-1496-HA, 1999 WL 1279369, at *1 (D. Or. Aug. 4, 1999) ("Rule 26(b)(3) does not
24 limit the definition of work product to those materials prepared only by attorneys.") The
25 relevant inquiry here is therefore whether the messages were written in anticipation of
26 litigation, not whether an attorney participated in them.

27 Marathon asserts only *in camera* review can determine whether the text messages
28 are protected. (Doc. 124 at 5.) While such review is permissible, Marathon must first

establish "a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992); *see also id.* at 1074–75 (citing generally *United States v. Zolin*, 491 U.S. 554 (1989)); *O'Connell v. Smith*, No. CV 13-01905-MWF-PJW, 2016 WL 11265024, at *4 (C.D. Cal. Feb. 2, 2016) (noting "*Zolin* and its progeny*" apply in the work product context). It has not done so here. *See Swinerton Builders v. Lexington Ins. Co.*, No. 2:21-CV-259-RAJ-TLF, 2022 WL 1689708, at *5 (W.D. Wash. May 26, 2022) ("A general assertion that the Court should conduct in camera review because the plaintiff believes that non-work-product documents have been withheld is insufficient."). Accordingly, the court declines to conduct an *in camera* review of them and declines to compel their production.

Finally, in the past week the parties have submitted two stipulations. (Docs. 121, 125.) The first stipulation reflected an agreement between the parties on an evidentiary issue. (Doc. 121.) While unusual, the court granted the stipulation (Doc. 123) believing it reflected a unique occurrence. But the parties then filed a second stipulation, agreeing not to depose or call as a witness a "silent partner" in Chandler Gas. (Doc. 125 at 2.)

The parties may enter into stipulations regarding certain aspects of discovery and evidence. *See* Fed. R. Civ. P. 29. But they do not need to file them; filing stipulations reflecting every discovery or evidentiary agreement needlessly clutters the docket and requires the court to issue orders addressing each one. The court grants the second stipulation, but the parties should not file additional stipulations of this nature.

/
/
/
/
/
/
/

Accordingly,

**IT IS ORDERED** Marathon shall provide the additional information sought by the interrogatory and request for production within twenty days of this order.

**IT IS FURTHER ORDERED** Chandler Gas is not required to produce the text messages for *in camera* review.

**IT IS FURTHER ORDERED** the stipulation (Doc. 125) is **GRANTED**.

Dated this 21st day of February, 2025.

Honorable Krissa M. Lanham
United States District Judge