**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chandler Gas and Store Incorporated, et al., | No. CV-23-00400-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Treasure Franchise Company LLC, et al., | |
| Defendants. | |

On February 18, 2025, plaintiffs (collectively, "Chandler Gas") and defendants (collectively, "Marathon") filed a joint statement regarding a discovery dispute. Three days later, the court resolved that dispute by ordering Marathon to produce some of the information Chandler Gas sought. On March 26, 2025, Chandler Gas filed a motion for sanctions, alleging Marathon had not yet produced some of that information. The motion for sanctions is granted in part.

**I.  Background**

Marathon is a gas station franchisor and Chandler Gas was its franchisee. (Doc. 140 at 2.) Marathon mandates its franchisees use a particular point-of-sale, back-office management system and computer system. (Doc. 140 at 2.) Chandler Gas alleges that system malfunctioned repeatedly over an eighteen-month period which led to a decrease in its sales. (Doc. 140 at 2.) Marathon disagrees and alleges Chandler Gas's sales decreased because of its gas prices. (Doc. 154 at 2.)[1] To counter Marathon's defense, Chandler Gas

---

[1] Marathon filed a response to the motion for sanctions (Doc. 153) and then an amended response the next day (Doc. 154). Chandler Gas argues the court should not consider the

served an interrogatory ("ROG 13") seeking the addresses of Marathon gas stations that corresponded to the gas station numbers contained in certain relevant reports it had been provided from Marathon's third-party vendor, S2K. (Doc. 140 at 3.) Chandler Gas also served a request for production ("RFP 24") which sought the wholesale and retail fuel prices of those gas stations (the "fuel margin data"). (*See* Doc. 127 at 1.) Chandler Gas hoped this information would show its prices and profit margin were comparable to those at nearby stations, suggesting its sales decline was not due to fuel prices but rather the software's repeated failures. (*See* Doc. 127 at 1.)

The parties' February 18 discovery dispute included a dispute regarding ROG 13 and RFP 24. (*See* Doc. 124 at 2.) The court ordered Marathon to produce responsive information by March 13 for Marathon gas stations within a twenty-mile radius of Chandler Gas. (Doc. 127 at 2.) Marathon had already produced some reports covering all their ARCO gas stations in Arizona, so the court believed it would "not be unduly burdensome for Marathon to produce additional information (address, wholesale and retail fuel prices) for a subset of those stations." (Doc. 127 at 2.) The sequence of events after the court's order is the basis for Chandler Gas's request for sanctions.

### A. Timeline of Marathon's Compliance with the Court Order Regarding ROG 13

On March 13—the deadline for Marathon to produce the court-ordered information—Marathon sent Chandler Gas a list of four of its gas stations that were within a twenty-mile radius of Chandler Gas. (Doc. 140-2 at 1, 4–5.) The list only included stations with am/pm stores because those were the only locations where the vendor S2K had data to calculate fuel margins. (Doc. 140-2 at 1.) Chandler Gas responded, stating Marathon's qualification regarding the am/pm stores was "irrelevant" and did not comply with the court's discovery order. (Doc. 140-3 at 1.) Later that same day, Marathon provided a complete list of the addresses of its 23 gas stations within a twenty-mile radius of

---

amended opposition. (Doc. 157 at 2.) It was improper for Marathon to file an amended response that contained substantive changes without providing a reason for doing so, and it should not repeat such an action. But the court will consider the amended response because doing so has no impact on the resolution of this motion.

Chandler Gas regardless of whether they had am/pm stores. (Doc. 140-4 at 1.) On March 17, Chandler Gas notified Marathon that list did not provide the station number to associate to those addresses for nineteen of the 23 stations it listed. (Doc. 140-5 at 1.) That information was crucial to making it possible to match the station numbers identified in previous S2K reports with the stations' addresses, which was the information ROG 13 requested. (Doc. 157 at 4.) Marathon then provided the list of 23 gas stations with their station numbers on March 18. (Doc. 140 at 9 (citing Doc. 140-7 at 1).) Marathon formally supplemented and verified its answer to ROG 13 on March 28. (Doc. 157-5.)

On April 7—almost two weeks after Chandler Gas filed its motion for sanctions (Doc. 154)—Chandler Gas notified Marathon that its supplemental response appeared to contain some incorrect station numbers. (Doc. 157-8 at 1–2.) Marathon confirmed these errors. (Doc. 157-8 at 1.) On April 8—almost four weeks after the court-ordered deadline—Marathon served a supplemental response to ROG 13 correcting these errors. (Doc. 157-9 at 22–25) Chandler Gas acknowledges this supplemental response finally put Marathon in full compliance with the court's order regarding the interrogatory. (Doc. 157 at 5.)

Marathon does not explain why it originally failed to supply the information required to link the station numbers to their respective addresses for nineteen of 23 stations on March 13, why it was able to produce the addresses five days later, why the station numbers it first produced were incorrect, or why it did not fully comply with the court's order until April 8 when its supplemental response corrected those errors. (Docs. 157 at 5, 157-9 at 22–25.)

**B. Timeline of Marathon's Compliance with the Court Order Regarding RFP 24**

Beginning February 24—three days after the court's order—the parties discussed what information Chandler Gas wanted Marathon to request from S2K that was responsive to RFP 24. (Doc. 140-1 at 3.) On February 25, Marathon had drafted a proposed email to S2K's attorney that Chandler Gas largely approved but to which it proposed a few changes. (Doc. 140-1 at 1.) It then appears Marathon took no steps to request the information from

1  S2K until March 13 (*see* Docs. 154 at 4–5, 157 at 4), the court-ordered deadline to produce
2  the information. Accordingly, Marathon appears to have done nothing related to RFP 24
3  for seventeen days.
4        On March 18, Marathon sent an email to S2K requesting information responsive to
5  RFP 24 which was similar to the draft email it sent Chandler Gas on February 24. (Doc.
6  154-3 at 37–39.) Marathon did not produce data responsive to RFP 24 until March 31 (Doc.
7  157-7 at 4; *see also* Doc. 157 at 6), eighteen days after the court-ordered deadline to
8  produce the information and five days after Chandler Gas filed its motion for sanctions.
9  (Doc. 140.) Chandler Gas then notified Marathon on April 7 that data was missing for one
10 of the gas stations. (Doc. 157-8 at 1–2.) On April 8, Marathon served a supplemental
11 response to RFP 24 which Chandler Gas says completed the production under the court's
12 order. (Docs. 157 at 6, 157-10 at 4.)
13       Marathon claims it was unable to send Chandler Gas the data responsive to RFP 24
14 by the court-ordered deadline because it was "focused on compiling the list of stations
15 within 20 miles of Chandler Gas" responsive to ROG 13 and shifted its focus to moving to
16 extend the discovery deadline. (Doc. 154 at 4.) Marathon also claims it then "took more
17 time than expected" to get the fuel margin data from S2K, largely because it was not clear
18 what data S2K possessed. Marathon never meaningfully explains why it was unable to start
19 its dialogue with S2K earlier.

20 **II.    Legal Standard**

21       Rule 37(b)(2)(A) provides for sanctions for a party's failure to comply with a
22 discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A). A sanctions order may strike pleadings,
23 direct that facts be taken as established, or prohibit the disobedient party's claims or
24 defenses. *See* Fed. R. Civ. P. 37(b)(2).
25       Alternatively or in addition, the court must order the payment of "reasonable
26 expenses, including attorney's fees," caused by the failure to comply with a discovery order
27 unless the non-compliance was "substantially justified" or "other circumstances make an
28 award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also Cruz v. Nike Retail Servs.,*

*Inc.*, 346 F.R.D. 107, 111 (S.D. Cal 2024). The disobedient party bears the burden to show substantial justification for its conduct or that "special circumstances make the award of expenses unjust." *RG Abrams Ins. v. Law Offs. of C.R. Abrams*, 342 F.R.D. 461, 521 (C.D. Cal. 2022) (citing Fed. R. Civ. P. 37(b)(2) advisory committee's note to 1970 amendment). The substantial justification standard is satisfied when there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Whether imposed under Rule 37(b)(2)(A) or Rule 37(b)(2)(C), the "central factor in evaluating" a district court's order granting sanctions under Rule 37(b)(2) "is justice," *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998), which requires some proportionality between the misconduct alleged and the sanction. *See Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) ("district courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules'") (quoting *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996))). To be just, more extreme sanctions like dismissal require a higher showing of willfulness or bad faith and a close tie to a question in controversy such that the determination of the case may be impacted. *See Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1338 (9th Cir. 1985); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993).

### III. Discussion

Chandler Gas asks the court to impose two sanctions on Marathon: (1) order Marathon to pay all reasonable attorneys' fees and costs Chandler Gas incurred in bringing the discovery dispute and securing Marathon's compliance with the court's order, including the reasonable attorneys' fees and costs it incurred in filing the motion for sanctions and (2) precluding Marathon from arguing that Chandler Gas's fuel prices caused its decline in sales. (Doc. 140 at 2.) Chandler Gas is entitled to a limited award of attorneys' fees but not a more extreme sanction.

### A. Reasonable Attorneys' Fees and Costs

First, it is undisputed Marathon failed to comply with the court's February discovery order. As to ROG 13, the order made clear the interrogatory requested production of gas station addresses for certain store numbers and that Marathon was required to produce those addresses for stations within a twenty-mile radius of Chandler Gas within 20 days. (Doc. 127 at 1–2, 4.) Marathon did not substantially comply with the order until March 18, five days after the deadline, and even then provided incorrect store numbers for several stores. (Doc. 157-8 at 1–2.) It was not until almost four weeks after the court-ordered deadline and two weeks after Chandler Gas filed its motion for sanctions that Marathon came into full compliance with the court's order. (Docs. 157 at 6, 157-10 at 4.)

Marathon was similarly (though more egregiously) dilatory regarding the court's order as to RFP 24. The bottom line on this request is that Marathon's attempts to get the information responsive to RFP 24 did not begin in earnest until three days *after* the court-ordered production deadline, which was itself 23 days after the court issued its order requiring the production of that information. (*See* Doc. 154 at 4–5.)

Having found Marathon violated the discovery order, it is Marathon's burden to show "substantial justification" for its non-compliance or "special circumstances" making the award of Chandler Gas's expenses "unjust." *RG Abrams Ins.*, 342 F.R.D. at 521 (citing Fed. R. Civ. P. 37(b)(2) advisory committee's note to 1970 amendment). Marathon has not met that burden here. (*See* Doc. 134.) As to ROG 13, Marathon's briefing provided no meaningful justification for the delay, which concerned associating physical addresses of store numbers within a limited geographical scope (Doc. 154 at 2)—information firmly within its possession. For RFP 24, Marathon only argues its focus on complying with ROG 13 and moving to extend deadlines led to the delay. (Doc. 154 at 4.) It does not explain why it could not have accomplished two discovery tasks at the same time, started the process of complying with ROG 13 sooner, or sought an extension of time to comply with the order. *See Matrix Motor Co. Inc. v. Toyota Motor Sales, USA, Inc.*, No. SACV03601CJCJTLX, 2003 WL 22466218, at *2 (C.D. Cal. May 8, 2003) (holding

sanctions were justified despite the party claiming it did not have enough time to meet the court's deadline because it had ample time to comply and "could have sought an extension of time" but rather "allowed the Court's deadline to slip by without taking any action"). Nor does it attempt to show "special circumstances," and the court sees none. As Rule 37(b)(2)(C) requires, the court therefore awards attorneys' fees related to Marathon's non-compliance to Chandler Gas.

However, the amount of fees will be narrower in scope than Chandler Gas requests. Chandler Gas does not cite any authority that would allow the awarding of fees incurred in the filing of a genuine discovery dispute *before* a court's discovery order issues. In this case, ordering such fees would not help "ensure compliance with court orders and to compensate aggrieved parties for the sanctioned party's failure to comply with court rules and orders[,]" which is the purpose of civil sanctions. *Cruz*, 346 F.R.D. at 114 (citing *Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 858 (9th Cir. 2023)). That purpose is accomplished, however, by ordering Marathon to pay Chandler Gas's reasonable attorneys' fees and costs incurred in the process of ensuring compliance with the court order regarding the discovery dispute, including the filing of its motion for sanctions and the reply in support of that motion. Accordingly, Marathon is ordered to pay those reasonable attorneys' fees and costs.

### B. Preclusion of Argument

Chandler Gas also argues Marathon should be prohibited under Fed. R. Civ. P. 37(b)(2)(A)(ii) from offering evidence or argument that Chandler Gas's fuel prices caused its decline in sales. (Doc. 140 at 2.) Indeed, the court may issue sanctions "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A)(ii). Unlike attorneys' fees, these spoliation-type provisions do not contain "must order" language, and some provisions within Rule 37(b)(2)(A) require a showing of bad faith, fault, or willfulness. *See Henry*, 983 F.2d at 946–47; *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C-12-00852 WHA JCS, 2012 WL 1600393, at *11 (N.D. Cal. May 7, 2012) (noting

1  "[a]lthough willfulness and bad faith are not requirements for imposing sanctions under
2  Rule 37, the willfulness and good faith of a party are a factor in determining what type of
3  sanction to impose") (citation omitted). Excluding evidence is also not appropriate "if the
4  failure to disclose was either substantially justified or harmless." *Lewis v. Ryan*, 261 F.R.D.
5  513, 522 (S.D. Cal. 2009) (citing *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d
6  1101, 1105–06 (9th Cir. 2001)). Because Marathon's delay in complying with the court's
7  order was harmless, a Rule 37(b)(2)(A)(ii) sanction is not warranted.

8        Chandler Gas acknowledges Marathon fully complied with the court's discovery
9  order between when it filed its motion for sanctions and its reply in support of that motion.
10 (*See* Doc. 157 at 5, 6.) This eventual compliance is relevant to the decision of whether to
11 impose the exclusionary sanction. *See IceMOS Tech. Corp. v. Omron Corp.*, No. CV-17-
12 02575-PHX-JAT, 2020 WL 2527018, at *5–6 (D. Ariz. May 18, 2020) (declining to issue
13 a Rule 37(b)(2)(A)(ii) sanction and preclude a defense, in part, because it "would be unjust"
14 where plaintiff had not shown the failure to disclose that defense "was not harmless"). A
15 court should exclude evidence under Rule 37 "only where there is a finding of prejudice to
16 the nonoffending party," and the court finds none here. *See Life Techs. Corp.*, 2012 WL
17 1600393, at *11 (citation omitted). Nor was Marathon's non-compliance "repeated and
18 willful" like in the case on which Chandler Gas relies. *See Jazi Kat 4659 Rockridge LLC*
19 *v. Travelers Cas. Ins. Co. of Am.*, No. CV-23-00716-PHX-DLR, 2024 WL 3742401, at *4
20 (D. Ariz. Aug. 9, 2024). Instead, here, Marathon's delay in complying with the court's
21 order appears to have been harmless and Chandler Gas does not ultimately argue otherwise.
22 (*See* Doc. 147 (not rearguing harm in its reply, filed after Marathon complied, as it did in
23 its original motion).) In this situation, ordering Marathon to pay Chandler Gas's reasonable
24 attorneys' fees and costs incurred in ensuring compliance with the court's discovery order
25 is far more equitable than precluding Marathon from asserting a potentially-critical
26 defense.

27 **IV.   Conclusion**
28       Marathon failed to comply with the court's order regarding the February discovery

dispute until after Chandler Gas filed its motion for sanctions. As a result, Chandler Gas is entitled to the reasonable attorneys' fees and costs it incurred in ensuring Marathon's compliance with the court's order, including fees and costs related to its filing of the motion for sanctions and the reply in support of that motion. The parties must confer and attempt to reach an agreement regarding the amount of fees. Should a motion be necessary, the court may include the amount of fees incurred in filing that motion in any award of fees. The court may alternatively deduct from the fee award the amount incurred in opposing the motion for attorneys' fees if the court concludes Chandler Gas's fee request does not represent a reasonable number of hours or reasonable hourly rates.

Accordingly,

**IT IS ORDERED** granting in part Chandler Gas's motion for sanctions (Doc. 140).

**IT IS FURTHER ORDERED** within ten days of this order the parties shall confer regarding the appropriate amount of attorneys' fees to be awarded based on the terms of this order. If the parties cannot reach an agreement, within twenty days of this order Chandler Gas shall file a motion for attorneys' fees consistent with the requirements of Local Rule 54.2.

Dated this 7th day of May, 2025.

Honorable Krissa M. Lanham
United States District Judge