**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chandler Gas and Store Incorporated, et al., | No. CV-23-00400-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Treasure Franchise Company LLC, et al., | |
| Defendants. | |

    Having reviewed the parties' list of trial exhibits, the court has significant concerns with the parties' expectations of how the evidence at trial will be handled. Plaintiffs (collectively "Chandler Gas") plan to seek the admission of an unrealistic number of exhibits. But much more concerningly, defendants' (collectively "Marathon's") objections show Marathon either misunderstands the rules of evidence or plans to be obstructive. According to the list of exhibits, Marathon plans to object to almost every exhibit Chandler Gas expects to introduce at trial. (Doc. 205-1.) The vast majority of Marathon's planned objections appear patently baseless.

    Marathon believes almost every exhibit Chandler Gas hopes to admit will fail the low bar for relevance imposed by Rule 401. Based solely on the description of each exhibit, Marathon's Rule 401 objections appear frivolous. Marathon is explicitly warned that the court will consider imposing sanctions if it asserts frivolous objections to obstruct trial proceedings, *see* Fed. R. Civ. P. 11(b), and it must reconsider asserting such objections.

    Marathon also plans to object under Rule 403 to most of Chandler Gas's exhibits.

Again, the very limited descriptions provided indicate Marathon's Rule 403 objections likely are baseless. To be excluded, the prejudicial value of the evidence must "substantially outweigh[]" its probative value, and the limited information available indicates most of Marathon's Rule 403 objections will be overruled. Fed. R. Evid. 403.

Finally, Marathon makes numerous hearsay objections. Without reviewing the exhibits, the court cannot determine whether these objections have merit. But based on the limited descriptions and the discussion of some exhibits in Chandler Gas's trial brief, the court is skeptical Marathon is correctly applying the hearsay rules. In particular, the many emails appear to be admissible given the identified senders or recipients. *See* Fed. R. Evid. 801(d)(2).

Considering the number of exhibits and objections on the list of trial exhibits, the parties must deliver earlier than previously required a complete set of exhibits. The parties also must carefully reconsider whether they expect to seek the admission of all the listed exhibits and for those exhibits they do hope to admit, whether the opposing party's objections are reasonable. Marathon in particular must reevaluate its evidentiary positions. While the court has allotted each side ample time to present its positions, the court will charge time spent on frivolous or obstructive objections to the objecting party. And if the court determines the objections are frivolous or obstructive, the court may reduce the time allocated to that party for the presentation of its case. After the parties confer and reevaluate their positions, they must file a revised master list of exhibits containing only potentially-meritorious objections.

Accordingly,

**IT IS ORDERED** no later than **October 23, 2025**, the parties shall deliver a complete set of the trial exhibits to the courthouse. The requirement to deliver the trial exhibits to the Courtroom Deputy remains in place.

/

/

/

**IT IS FURTHER ORDERED** the parties shall confer and file a revised master exhibit list containing only legitimate objections no later than **October 24, 2025**.

Dated this 22nd day of October, 2025.

Honorable Krissa M. Lanham<br>
United States District Judge