**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chandler Gas and Store Incorporated, et al., | No. CV-23-00400-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Treasure Franchise Company LLC, et al., | |
| Defendants. | |

Defendants (collectively "Marathon") request an extension of the deadline to file revised objections to plaintiffs' (collective "Chandler Gas") trial exhibits. Alternatively, Marathon requests the court establish a trial protocol requiring each party identify by 7:00 p.m. the exhibits that will be used the following day. (Doc. 214.) The court wishes to resolve as many objections as possible before trial, so grants an extension of time instead of establishing a protocol requiring nightly identifications. In making those objections, Marathon should keep in mind the court's general approach to civil trials.

The parties have been allocated a set amount of time in which to present their positions and the court has screened jurors for that time. Trial will not be extended beyond the planned end date. Based on the trial length, there is a total of 49 hours available to the parties. That time is allocated as:

- 5 hours (2.5 hours per side) for opening statements and closing arguments;
- 20 hours for Chandler Gas, including cross-exam of other parties' witnesses;
- 22 hours for Marathon, including cross-exam of other parties' witnesses; and

1  - 2 hours of rebuttal.

Within those strict time allocations, the parties generally are free to use their time as they deem appropriate. Thus, if Chandler Gas wishes to spend its time trying to admit voluminous exhibits, it will be allowed to do so to the extent doing so is consistent with the Federal Rules of Evidence. It is highly unlikely Chandler Gas will be able to admit even a fraction of the exhibits it has identified given time constraints and the prohibition on cumulative evidence, but the court generally allows parties to make their own decisions in terms of which exhibits and witnesses will be presented.

In addition to possibly listing too many exhibits to be admitted given the time constraints, Chandler Gas is at risk of having many of its exhibits excluded under the court's procedures. Marathon describes many of Chandler Gas's exhibits as "email threads, where one part might be admissible, but other parts are not." (Doc. 214 at 3.) As warned in the order setting final pretrial conference, "if any part of an exhibit is objectionable, it will be excluded in its entirety. The parties will not be permitted to break offered exhibits into admissible sub-parts if an objection is sustained." (Doc. 177 at 2.) For example, Chandler Gas's exhibit 105 is a 39-page email string. If any portion of that email string is not admissible, exhibit 105 will be excluded in its entirety. In other words, during trial Chandler Gas will not be allowed to remove or redact any objectionable portions of exhibit 105 and admit the remainder.

Related to the many email strings Chandler Gas hopes to introduce, the parties have a significant disagreement regarding the proper application of the hearsay rule regarding "adoptive admissions." Chandler Gas correctly describes the applicable law. (Doc. 209 at 3-4.) For purposes of Fed. R. Evid. 801(d)(2)(B), "[a] party may adopt a written statement if the party uses the statement or takes action in compliance [with] the statement." *Transbay Auto Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1120 (9th Cir. 2015) (simplified). Even if a party "is only vaguely aware of the contents of a document," the party "manifests an intent to adopt [the] contents by using the document to accomplish an objective or by acting in conformity with the document." *Id.* Only when "a party forwards a document

- 2 -

while acting as a mere messenger" is there no adoptive admission. *Id.* at 1118. At least some of the statements in some of the email strings Chandler Gas hopes to admit likely qualify as adoptive admissions. But given the length of those strings—and based on the court's review of Exhibit 105—many statements in the strings will not qualify as adoptive admissions. Due to the court's prohibition on splitting exhibits, Chandler Gas therefore runs the risk of having many of its exhibits excluded unless it redacts or narrows them.

The parties already delivered their exhibits but they are granted a final opportunity to redact portions of their exhibits that will not be admissible. The parties cannot alter the exhibit numbering, but they may redact any portions of exhibits that would prevent admission of that exhibit.

**IT IS ORDERED** no later than **5:00 p.m.** on **October 26, 2025**, the parties shall exchange any redactions to their exhibits they wish to make in light of the prohibition on breaking apart exhibits. If changes are made to the exhibits, complete sets of corrected exhibits must be delivered to the court no later than **October 29, 2025**.

**IT IS FURTHER ORDERED** the Motion for Reconsideration (Doc. 214) is **GRANTED IN PART**. The parties must file their revised exhibits lists, including objections, by **October 28, 2025**.

Dated this 24th day of October, 2025.

Honorable Krissa M. Lanham
United States District Judge